IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RICHARD BULT,

                                        Civil No. 08-741-ST

         Petitioner,

     v.


PAULA ALLEN, et al.,

                                        FINDINGS AND RECOMMENDATION

         Respondents.

         Mark Bennett Weintraub
         Assistant Federal Public Defender
         151 W. 7th Avenue, Suite 510
         Eugene, OR 97401

              Attorney for Petitioner

         John R. Kroger
         Attorney General
         Kristen E. Boyd
         Assistant Attorney General
         Department of Justice
         1162 Court Street NE
         Salem, Oregon 97310

              Attorneys for Respondent

     1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state conviction for Assault in the First Degree.  For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #1) should be denied.

## BACKGROUND

On November 24, 2001, petitioner, Brenda McLean (petitioner's girlfriend), and McLean's five-year-old son traveled to a snow park.  When they later gathered within a warming cabin with several other individuals, petitioner and the victim, John LaRue, engaged in a verbal argument that turned into a brief physical altercation. Petitioner stabbed LaRue in the back with a knife, throwing the weapon away as he exited the cabin.   Trial Transcript, p. 139. Because the knife wound partially severed LaRue's spinal cord, at the time of trial six months after the stabbing, LaRue was still using crutches, receiving physical therapy to walk, had no feeling in portions of his legs, and was using a catheter.  *Id* at 74-78.

When the police interviewed petitioner the morning after the stabbing, he told them that he acted in self-defense after seven people blocked his way out of the cabin, prompting him to pull out his knife.  *Id* at 276.  He claims the men all jumped on him, and he either fell into LaRue, or LaRue fell into him, and that he did not intentionally stab LaRue.  *Id* at 282-83.

When petitioner testified in his own defense at trial, he claimed that there were only two people near the door, not seven. *Id* at 307. His story was not that seven people jumped on him, but that LaRue hit him in the back of the head, then LaRue's friend, John Tromler, hit him in the back of the head again. *Id.* He then drew his knife and said to LaRue, "Hey, back off. I've got a knife," at which point Tromler hit him in the back of the head again, forcing him into LaRue, knife drawn, which caused the injury. *Id* at 308-09. He again insisted that he did not intentionally stab LaRue. *Id* at 309-10.

The jury found petitioner guilty, and the trial court sentenced him to a mandatory minimum prison sentence of 90 months. Respondent's Exhibit 101. Petitioner directly appealed his conviction, but the Oregon Court of Appeals affirmed the trial court's decision without opinion. *State v. Bult*, 191 Or. App. 306, 82 P.3d 653 (2003). Petitioner did not seek review by the Oregon Supreme Court.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County, and the PCR trial court denied relief. Respondent's Exhibit 115. The Oregon Court of Appeals affirmed the PCR court's decision without opinion, and the Oregon Supreme Court denied review. *Bult v. Blacketter*, 214 Or. App. 415, 185 P.3d 374, *rev. denied*, 343 Or. 363, 169 P.3d 1268 (2007).

Petitioner filed this federal habeas corpus action on June 19, 2008, raising seven grounds for relief.  Respondent asks the court to deny relief on the Petition because: (1) Grounds One, Three, Four, Five, Six, and Seven were not fairly presented to Oregon's courts and are now procedurally defaulted; and (2) the PCR trial court's decision denying Ground Two was neither contrary to, nor an unreasonable application of, clearly established federal law.

**FINDINGS**

I.    **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court

4 - FINDINGS AND RECOMMENDATION

and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

## II.  Unargued Claims

As noted above, respondent argues that with the exception of Ground Two, petitioner failed to fairly present any of his grounds for relief to Oregon's state courts, leaving those claims procedurally defaulted. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982) (a petitioner seeking habeas relief must exhaust his claims by fairly presenting them to the state's highest court before a federal court will consider their merits). Petitioner neither provides any argument in support of these claims nor attempts to refute the State's arguments that these claims are procedurally defaulted. The court has nevertheless reviewed petitioner's unargued claims and determined that they do not entitle him to habeas relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show

cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## III. <u>Ineffective Assistance of Counsel</u>

Ground Two of the Petition alleges that trial counsel performed ineffectively by failing to question petitioner during direct examination as to whether he had seen LaRue holding a firearm in the warming cabin. He further argues that this failure was especially egregious after trial counsel specifically cross-examined LaRue about this issue.[1]

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption

---

[1]    Respondent asserts that petitioner's argument based on counsel's cross-examination of LaRue was not fairly presented to the Oregon state courts and therefore is procedurally defaulted. Because petitioner's ineffective assistance of counsel claim fails on its merits, the court declines to decide this exhaustion issue. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his lawyer's performance prejudiced his defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S. Ct. at 1420.

Prior to his PCR trial, petitioner testified in his deposition that while he was housed in the county jail awaiting trial, he wrote a statement to his attorney in which he recounted that LaRue was holding a pistol during their confrontation, prompting petitioner to defend himself. Respondent's Exhibit 112, pp. 6-7. According to petitioner, his trial attorney advised him not to testify about the gun because "all the witnesses were saying that it was dark in this cabin and that there was no jury in this country that was going to believe that I had seen a gun."[2] *Id* at 8. The PCR trial court made the following findings:

---

[2] The record contains no affidavit from trial counsel.

> The thing about the gun, if, in fact, the
> petitioner saw the gun, he's absolutely the only
> person that did see the gun, and I would tend to go
> with the trial counsel's evaluation of the
> situation, and that is, you talk about that, you're
> going to get it across the face, especially when
> there's that many people that had an opportunity to
> see that gun, and apparently no one was able to do
> so.
>
> I guess last, but not least, I would question
> the voracity [sic] of the statement under the
> circumstances that I've just indicated.

Respondent's Exhibit 114, p. 17.

The PCR trial court also concluded that petitioner's deposition testimony, as a whole, was not credible. *Id* at 16.

According to petitioner, the PCR trial court's decision was based on an unreasonable determination of the facts in light of the evidence presented, but he points to no evidence which would have compelled the PCR trial court to reach a contrary conclusion. In fact, these factual findings of the PCR trial court are fully supported by the record and entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1).

The record in this case shows that on three occasions during cross-examination, petitioner's counsel sought to extract an admission from LaRue that he had a firearm during his confrontation with petitioner in the warming cabin. Trial Transcript, pp. 85-89, 100. LaRue repeatedly denied this. Thus, in deciding whether to question petitioner about this issue during his direct examination, he was faced with the following facts: (1) LaRue did not admit

having any firearms in the warming cabin; (2) none of the other individuals present during the confrontation (including petitioner's girlfriend and step-brother) testified that LaRue possessed a firearm in the warming cabin; (3) it appears that nobody could have seen LaRue holding a gun because the lighting in the warming cabin was so poor;[3] and (4) petitioner never told the investigating police officers that LaRue threatened him with a firearm, an event that surely would have come to petitioner's mind had it truly taken place.  Based on these facts, counsel made a sound strategic decision not to question petitioner on this point. As a result, the PCR trial court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #1) should be DENIED.  The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

///

///

///

///

---

[3] Trial Transcript, pp. 102, 171-72, 200, 218.

9 - FINDINGS AND RECOMMENDATION

### SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due May 28, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 11th day of May, 2010.

s/   Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION